ORIGINAL

BRODIE, J.

**UNITED STATES DISTRICT COURT**
EASTERN **DISTRICT OF NEW YORK**

REYES, M.J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ OCT 25 2019 ★
BROOKLYN OFFICE

PAUL WHITE,

                Plaintiff(s),

      v.

THOMAS J. SPOTA, PERSONALLY, AND
THOMAS J. SPOTA, AS CLAIMING AUTHORITY,

              Defendant(s).

**COMPLAINT**
(Pro Se Prisoner)

**CV 19 - 6082**

Case No. _____
(Assigned by Clerk's
Office upon filing)

**Jury Demand**
XX Yes
☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's social security number, taxpayer identification number, or birth date; the name of a person known to be a minor; or a financial account number. A filing may include *only*: the last four digits of a social security number or taxpayer-identification number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. *See* Fed. R. Civ. P. 5.2.

---

I.   **LEGAL BASIS FOR COMPLAINT**

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution and laws of the United States. Indicate below the federal basis for your claims.

      XX 42 U.S.C. § 1983 (state, county, or municipal defendants)

      ☐ *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

      ☐ Other (please specify) _____

## II.  PLAINTIFF(S) INFORMATION

Name:                    Paul White

Prisoner ID #:           15R0335

Place of detention:      Greene Correctional Facility

Address:                 P.O. Box 975

                         Coxsackie, NY 12051

Indicate your confinement status when the alleged wrongdoing occurred:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Immigration detainee

Provide any other names by which you are or have been known and any other identification numbers associated with prior periods of incarceration:

None

If there are additional plaintiffs, each person must provide all of the information requested in this section and must sign the complaint; additional sheets of paper may be used and attached to this complaint.

## III.  DEFENDANT(S) INFORMATION

Defendant No. 1:         Spota, Thomas J., Personally
                         Name (Last, First)

                         Former Suffolk County District Attorney
                         Job Title

                         Peachtree Lnae
                         Work Address

                         Mt. Sinai            NY            11766
                         City                 State         Zip Code

Defendant No. 2:         Spota, Thomas J., as Claiming Authority
                         Name (Last, First)

                         Former Suffolk County District Attorney
                         Job Title

2

- How each defendant was involved in the conduct you are complaining about

If you were physically injured by the alleged misconduct, describe the nature of your injuries and the medical evaluation and treatment you were provided. You need not cite to case law or statutes or provide legal argument in the Statement of Facts. Use additional sheets of paper if necessary.

In a continuous course of misconduct under the color of law, Defendant, caused Restitution Orders (EXHIBIT A) to be issued against Plaintiff in the amount of $2,975,000 on 01/29/2014, in Suffolk County, NY and another Judgment against Plaintiff (EXHIBIT B) in the amount of $2,400,000 on 10/28/2016, as well as seized Plaintiff's funds in the amount of $210,000 and was erroneously paid $17,000 to allegedly reimburse criminal case, Suffolk County Indictment No. 2710-2012, when Defendant had full knowledge that the Complainants had been fully paid their investment by receiving valid deeded ownership in the real estate in question, located in Lawndale, North Carolina. Therefore, Plaintiff's civil rights, protected by the Eighth Amendment of the U.S. Constitution has been violated, speciically the Excessive Fines Clause. In addition, Defendant acted in his personal capacity, after, he was forced to resign as District Attorney due to being charged with a plethora of Federal crimes by the U.S. Department of Justice, and is currently awaiting tria

## V.   STATEMENT OF CLAIM(S)

State briefly and concisely the constitutional and/or statutory basis for each claim you seek to assert and identify the defendant(s) against whom each claim is

4

Peachtree Lane
Work Address

Mt. Sinai                    NY                    11766
City                         State                 Zip Code

Defendant No. 3:
Name (Last, First)

Job Title

Work Address

City                         State                 Zip Code

Defendant No. 4:
Name (Last, First)

Job Title

Work Address

City                         State                 Zip Code

If there are additional defendants, the information requested in this section must be provided for each person; additional sheets of paper may be used and attached to this complaint.

## IV.   STATEMENT OF FACTS

State briefly and concisely the facts supporting your claims. Describe the events in the order they happened. Your statement of facts should include the following:

- The date(s) on which the events occurred
- Where these events took place (identify the facility and, if relevant, the specific location in the facility)

3

asserted. Commonly asserted claims include: excessive force; failure to protect; deliberate indifference to medical needs; unconstitutional conditions of confinement; denial of due process in a disciplinary or other proceeding; denial of equal protection; retaliation for the exercise of a First Amendment right; and interference with free exercise of religion. Legal argument and case citations are not required. Use additional sheets of paper if necessary.

## FIRST CLAIM

Excessive Fines in the amount of $5,375,000 (e.g., $2,975,000 + $2,400,000 = $5,375,000).

## SECOND CLAIM

Unjust Enrichment in the amount of $227,000 (e.g., $210,000 + $17,000 = $227,000), resulting from seized assets from Plaintiff (e.g., $210,000) and moneys paid by Plaintiff to Defendant (e.g., $17,000).

## THIRD CLAIM

## VI.  RELIEF REQUESTED

State briefly what relief you are seeking in this case.

Judgment of Satisfaction for $2,975,000, representing the erroneous Restitution Orders (EXHIBIT A) and $2,400,000, representing Judgment (EXHIBIT B) issued against Plaintiff (FN 1)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2019

Plaintiff's signature
(All plaintiffs must sign the complaint)

(revised 10/2/16)

FN 1 Plus repayment of $227,000, representing the money seized by Defendant and erroneously paid to Defendant by Plaintiff

**EXHIBIT A - JUDGMENT AGAINST PETITIONER**

Spota v White, 53 Misc.3d 1210(A) (2016)
48 N.Y.S.3d 268, 2016 N.Y. Slip Op. 51572(U)

Unreported Disposition
53 Misc.3d 1210(A), 48 N.Y.S.3d 268 (Table), 2016
WL 6427362 (N.Y.Sup.), 2016 N.Y. Slip Op. 51572(U)

**This opinion is uncorrected and will not be
published in the printed Official Reports.**

*1  Thomas J. Spota, District Attorney of
Suffolk County, Claiming Authority-Plaintiff,
v.
Paul White, Criminal Defendant, -and-
DONNA WHITE, JOHN CLINE RESERVOIR,
LLC., PAUL WHITE, INC., PROFESSIONAL
REAL ESTATE ADVISORS, PROFESSIONAL
INVESTMENT ADVISORS and 1031 SAFE
QUALIFIED INTERMEDIARY CORP.,
Non-Criminal Defendant Nominees.

Supreme Court, Suffolk County
29681-12
Decided on October 28, 2016

CITE TITLE AS: Spota v White

### ABSTRACT

Forfeitures and Penalties
Forfeiture of Proceeds or Instrumentality of Crime
In post-conviction forfeiture proceeding, defendants could
not relitigate facts underlying criminal conviction, nor rely on
court's failure to confirm ex-parte order of attachment.

*Spota v White*—, 2016 NY Slip Op 51572(U). Forfeitures
and Penalties—Forfeiture of Proceeds or Instrumentality of
Crime—In post-conviction forfeiture proceeding, defendants
could not relitigate facts underlying criminal conviction, nor
rely on court's failure to confirm ex-parte order of attachment.
(Sup Ct, Suffolk County, Oct. 28, 2016, Emerson, J.)

### APPEARANCES OF COUNSEL

THOMAS J. SPOTA
District Attorney of Suffolk County
North County Complex, Building 77
Veterans Memorial Highway
Hauppauge, New York 11787
J. LEE SNEAD, ESQ.

Attorney for Defendant John Cline Reservoir, LLC
144 South Country Road
P.O. Box 489
Bellport, New York 11713
PAUL WHITE
Pro Se Defendant

### OPINION OF THE COURT

Elizabeth H. Emerson, J.

Upon the following papers numbered *1-119* read on this
motion *for summary judgment*;

Notice of Motion and supporting papers *1-19*; Notice of Cross
Motion and supporting papers *20-23; 24-62*; Answering
Affidavits and supporting papers *63-93*; Replying Affidavits
and supporting papers *94-118*; it is,

ORDERED that the branch of the motion by the claiming
authority-plaintiff which is for default judgments against John
Cline Reservoir, LLC, and  *2  Paul White Inc. is denied; and
it is further

ORDERED that the branch of the motion by the claiming
authority-plaintiff which is for summary judgment against the
criminal defendant, Paul White, in the amount of $2.4 million
is granted; and it is further

ORDERED that the branch of the motion by the claiming
authority-plaintiff which is for leave to renew its ex-parte
order of attachment is denied; and it is further

ORDERED that the cross motion by the criminal defendant,
Paul White, for an order dismissing this action and vacating
the orders of restitution in the criminal action against him is
denied; and it is further

ORDERED that the cross motion by non-criminal defendant
John Cline Reservoir, LLC, for summary judgment in its
favor and for an order releasing to it or to its counsel the
restrained funds currently being held in TD Bank pursuant to
the ex-parte order of attachment dated September 25, 2012,
is denied; and it is further

ORDERED that, on the court's own motion, the claiming
authority-plaintiff is granted summary judgment against non-
criminal defendant John Cline Reservoir, LLC, in the amount
of $2.4 million; and it is further

ORDERED that the restrained funds currently being held
in TD Bank pursuant to the ex-parte order of attachment

dated September 25, 2012, are directed to be released to the claiming authority-plaintiff.

Thomas J. Spota, the District Attorney of Suffolk County (the claiming authority) commenced this civil forfeiture action pursuant to CPLR article 13-A against Paul White, a criminal defendant, and various non-criminal defendants to recover $2.4 million as the proceeds, substituted proceeds, and instrumentalities of a crime or to recover a money judgment in that amount. On September 25, 2012, this court granted the claiming authority's ex-parte application for an order of attachment and authorized the levy of bank accounts in the names of the defendants Paul White; his wife, Donna White; Paul White Inc.; Professional Real Estate Advisors; 1031 Safe Qualified Intermediary Corp.; John Cline Reservoir, LLC; and Professional Investment Advisors, as well as real property located in Huntington, New York. The accounts in the name of Donna White and the real property were subsequently released by the claiming authority. Paul White was indicted on eight counts of grand larceny in the second degree pursuant to Penal Law § 155.40 (1) and one count of scheme to defraud in the first degree pursuant to Penal Law § 190.65 (1) (b), both of which are felonies.

The claiming authority moved to confirm the ex-parte order of attachment, and Paul White cross moved to vacate, discharge, or modify the same; to dismiss this action in the interest of justice; and to recover attorney's fees and expenses. By an order of this court dated March 20, 2013, the motion and cross motion were referred to a hearing. The hearing was held on June 21, 2013; March 18, 2014; and *3 April 8, 2014. By a decision and order after hearing dated May 1, 2014, the motion to confirm the order of attachment was denied; the cross motion was granted only insofar as it sought to vacate the order of attachment, and this action was stayed during the pendency of the criminal action against Paul White. White was subsequently convicted after a jury trial of seven counts of grand larceny in the second degree, a class C felony, and one count of scheme to defraud in the first degree, a class E felony. On January 29, 2015, he was sentenced to 21 to 63 years in prison and ordered to pay restitution in the amount of $2.975 million. [1]

The claiming authority now moves for summary judgment against Paul White; for default judgments against John Cline Reservoir, LLC, and Paul White Inc.; and for leave to renew its motion to confirm the ex-parte order of attachment. John Cline Reservoir, LLC, opposes the claiming authority's motion and seeks summary judgment in its favor and an order releasing the funds presently being held in TD Bank pursuant

to the ex-parte order of attachment to it or to its counsel. [2] Paul White also opposes the claiming authority's motion and cross moves for dismissal of the action and vacatur of the restitution orders in the criminal action against him. Paul White Inc. has not responded to the claiming authority's motion. [3]

*Default Judgment against Paul White Inc.*

Paul White Inc. was served pursuant to CPLR 308 (4) on November 23, 2012. Service of process on a corporation may not be made in accordance with the substitute methods of service authorized for the personal service of process on individuals (Perez v Garcia, 8 Misc 3d 1002[A] at *2 [and cases cited therein]). Service under CPLR 308 (4), or "nail and mail," is applicable to actions against natural persons only and is inapplicable to actions against corporations, which must be served pursuant to CPLR 311 (a) (1) (Id.). The service envisioned under CPLR 311 (a) (1) is in-hand delivery to one of the specified corporate officers (Id. at *3). Thus, the "nail and mail" method cannot be used to effect valid service of process on a corporation (Id.).

Service of a single summons on a corporate officer who is also being sued individually by personal delivery of the process to the individual has been held to confer concomitant jurisdiction over both the corporate defendant and the individual (Perez v Garcia, *supra* at *3 [and cases cited therein]). Paul White is an officer of Paul White Inc. However, he was also served pursuant to CPLR 308 (4) and not by personal delivery. Since personal service was not effected on Paul White, the claiming authority did not acquire concomitant jurisdiction over Paul White Inc. (Id.). Accordingly, the branch of the motion which is for a default judgment against Paul White Inc. is denied.

*Default Judgment against John Cline Reservoir, LLC*

John Cline Reservoir, LLC, was also served pursuant to CPLR 308 (4) on November 23, 2012. Service of process on a limited liability company is governed by CPLR 311-a, which requires personal delivery to a member, manager, or agent of the LLC or to any other person designated by the LLC to receive process (*see*, Supple v Brockbilt Homes LLC, 2007 NY Slip Op 34340 [U]). Like corporations, LLCs may not be served in accordance with the substitute methods of service found in CPLR 308 (2) and (4). Those methods are available against individual defendants only (Id., *citing* Perez v Garcia, supra). By failing to utilize the proper method of service,

the claiming authority did not acquire jurisdiction over the defendant John Cline Reservoir, LLC. [4]

The court may, however, exercise jurisdiction over a defendant when, despite not being properly served, the defendant appears in the action voluntarily (Sheinkman v Khalif, 5 Misc 3d 1012[A] at *3). A defendant appears in an action by serving a notice of appearance, by serving an answer, or by making a motion that has the effect of extending the time to answer (Id. at *3-4, citing CPLR 320[a]). An appearance by the defendant is equivalent to personal service of the summons upon him unless an objection to the jurisdiction of the court is raised by a motion pursuant to CPLR 3211(a)(8) or in the answer (Id. at *4, citing CPLR 320[b]). Moreover, a defendant whose participation in an action reaches a certain level of activity will be held to have informally appeared even though the defendant has not interposed any of the three responses found in CPLR 320(a) (Id. at *4 [and cases cited therein]). Whether the defendant has informally appeared and submitted to the jurisdiction of the court is largely a matter of degree and necessarily depends upon the facts (Id.). Court most often find that a defendant has made an informal appearance when the defendant has taken steps to defend the action on the merits (Id.).

Although the defendant John Cline Reservoir, LLC, failed to answer the complaint, it opposed the claiming authority's motion to *4 confirm the ex-parte order of attachment and appeared at and participated in the hearing thereon. It also opposes the instant motion by the claiming authority and seeks affirmative relief in its opposition papers. The court finds that, under these circumstances, John Cline Reservoir, LLC, has made an informal appearance in this action and that it is not in default (see, Carlin v Carlin, 52 AD3d 559, 560-561). Accordingly, the branch of the motion which is for a default judgment against John Cline Reservoir, LLC, is denied.

*Summary Judgment against Paul White and White's Cross Motion to Dismiss*

A motion to dismiss must be made before answering (see, CPLR 3211 [e]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:8). A motion for summary judgment, on the other hand, does not lie until after service of the responsive pleading (Id.). Summary judgment is, therefore, a post-answer device (Id.). Since White has answered the complaint, the branch of his cross motion which is to dismiss the action is, in effect, a motion for summary judgment.

CPLR 3211(c) empowers the court to treat a motion to dismiss as a motion for summary judgment after adequate notice to the parties when the proof submitted to the court is as complete as it usually is on a motion for summary judgment pursuant to CPLR 3212 (see, Siegel, *supra*, CPLR C3211:44). Notice is not required when, as here, the parties have laid bare their proof and clearly charted a summary judgment course (see, Matter of Weiss v North Shore Towers Apartments Inc., 300 AD2d 596; *see also*, Kavoukian v Kaletta, 294 AD2d 646, 647).Accordingly, the court will consider the branch of White's cross motion which is to dismiss this action as a motion for summary judgment dismissing the complaint insofar as it is asserted against White without further notice to the parties.

The claiming authority has the burden of proving, by a preponderance of the evidence, that the money sought is the proceeds of a crime (CPLR 1311 [3]; Hynes v Dallas, 83 AD3d 896). In a post-conviction forfeiture proceeding such as the one presented here, the claiming authority meets its burden by showing that the property sought to be forfeited either directly relates to a felony conviction or is grounded upon criminal activity arising from a common scheme or plan of which the felony conviction is a part (Vergari v Lockhart, 144 Misc 2d 860, 864). Once the claiming authority has met its burden, it is incumbent on the defendant to come forward with proof to the contrary (Id.).

The record reflects that Paul White was convicted of grand larceny arising out of a scheme to defraud investors in a real-estate development in North Carolina known as the John Cline Reservoir. While acting as a financial advisor, White took approximately $2.975 million from seven victims by falsely representing to them that he was going to invest their money in an income-producing, low-risk investment. Instead, he used their money to purchase a 400-acre parcel of vacant land in North Carolina that he planned to develop. The land was purchased by John Cline Reservoir, LLC, which is wholly *5 owned and controlled by White. After purchasing the land and paying real-estate brokerage commissions to Paul White, Inc., and Professional Real Estate Advisors, which were controlled by Paul and Donna White, approximately $900,000 was deposited into accounts at TD Bank in the name of John Cline Reservoir, LLC. Approximately $500,000 of the $900,000 was paid back to the investors for an option to repurchase their interests in the property. [5] The court finds that, under these circumstances, the claiming authority has established, prima facie, its entitlement to summary judgment

Spota v White, 53 Misc.3d 1210(A) (2016)
48 N.Y.S.3d 268, 2016 N.Y. Slip Op. 51572(U)

in the amount of $2.4 million against the criminal defendant, Paul White.

White's main argument in opposition to the claiming authority's motion and in support of dismissal is that, in calculating the amount of restitution, the court in the criminal case considered only the amount taken by him and failed to consider the value of the benefits received by his victims and his payments to them. White may not collaterally attack his criminal conviction in this action. A criminal conviction, whether by plea or after a trial, is conclusive proof of its underlying facts and collaterally estops a party from relitigating the facts on which the conviction is based in a subsequent civil action (Morgenthau v Western Express Intl., Inc., 2014 NY Slip Op 31915[U], *citing* Grayes v DiStasio, 166 AD2d 261, 262-263). Paul White was convicted of seven counts of grand larceny in the second degree and one count of scheme to defraud in the first degree after a jury trial. His conviction conclusively establishes the facts underlying this action, which is based on the same transactions as his criminal convictions. White is, therefore, estopped from relitigating those facts in this or any other proceeding (*see*, Kuriansky v Professional Care, Inc., 158 AD2d 897, 900). Specifically, White is estopped from relitigating the amount of restitution that he was directed to pay the victims of his crimes.

White's remaining arguments are equally unavailing. White contends that the criminal court was bound by this court's decision and order dated May 1, 2014, denying the claiming authority's motion to confirm the ex-parte order of attachment, thereby precluding the criminal court from ordering restitution. A provisional remedy, such as an order of attachment, is designed for the narrow purpose of maintaining the status quo and is not an adjudication on the merits (*see*, Marcus v Grunberg, Sup Ct, NY County, May 11, 2015, Kalish, J. [2015 WL 2232334] at *16 [and cases cited therein]). The grant or denial of a provisional remedy, therefore, will not be given res judicata effect (Id.).

White challenges the constitutionality of CPLR 1317 (order of attachment without notice) on the ground that it permits the seizure of a defendant's property without due process. Contrary to White's contentions, the procedures provided in CPLR article 13-A have been found to satisfy the minimum procedural due process requirements (Morgenthau v Citisource, Inc., 68 NY2d 211, 221). That the claiming *6 authority obtained a stay on appeal, pursuant to CPLR 5519, of this court's decision and order dated May 1, 2014, denying its motion to confirm the ex-parte order of attachment does not mean that White was deprived of due process. The court

held a three-day hearing on the claiming authority's motion at which White appeared and presented evidence. The court finds that White had a full and fair opportunity to be heard in opposition to the claiming authority's case, thereby satisfying due process.

White also challenges the constitutionality of Penal Law § 60.27, which authorizes courts to order restitution to crime victims. As previously discussed, White may not collaterally attack his criminal conviction, including the orders of restitution, in this action. His remedy, if any, is to appeal his conviction.

White's contentions to the contrary notwithstanding, the record reflects that White was served in this action within 60 days after the ex-parte order of attachment was granted, in accordance with CPLR 1319. White's reliance on CPLR 1345 and 1346 is misplaced. Those sections of the CPLR apply to notices of pendency, not orders of attachment. Likewise, White's reliance on CPLR 1311 (1) (b) and 1310 (6), which apply to pre-conviction forfeiture crimes, is misplaced. Pre-conviction forfeiture crimes are controlled-substance and marihuana felonies (*see*, Girese, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1310 at 533). White was convicted of grand larceny in the second degree (Penal Law § 155.40 [1]) and scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), both of which are post-conviction forfeiture crimes (*see*, CPLR 1310 [5]). Finally, the claiming authority's failure to comply with CPLR 1312 (2) when it applied for the ex-parte order of attachment is academic at this point and does not warrant dismissal of the action.

In view of the foregoing, the court finds that White has failed to raise a triable issue of fact in opposition to the claiming authority's prima facie case, nor has he demonstrated any grounds for dismissal of the action. In reaching its determination, the court has not considered the arguments raised by White for the first time in his reply papers. The function of a reply affidavit is to address arguments made in opposition to the position taken by the movant, not to permit the movant to introduce new arguments in support of the motion (CPLR 2214 [c]; Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218, AD2d 624, 625). In any event, those arguments, which collaterally attack White's criminal conviction, may not be raised in this action. Accordingly, the branch of the claiming authority's motion which is for summary judgment against the criminal defendant, Paul White, in the amount of $2.4 million is granted, and White's cross motion for an order dismissing this action and vacating

the orders of restitution in the criminal action against him is denied.

*John Cline Reservoir, LLC's Cross Motion*

John Cline Reservoir, LLC, seeks summary judgment in its favor and an order releasing to it or to its counsel the funds presently being held in TD Bank pursuant to the ex-parte order of attachment. This request for affirmative relief is not accompanied by a notice of *7 cross motion, as required by CPLR 2215. As a general rule, a party seeking relief in connection with another party's motion is required to do so by way of a cross motion (*see*, CPLR 2215), at least to have a right that the request be determined on the merits (*see*, Fried v Jacob Holding, Inc., 110 AD3d 56, 64-65). Otherwise, a party who seeks relief by way of a notice of cross motion would be in a position less favorable than a party who merely makes the request without a notice of cross motion (Id. at 65). The party who makes a formal cross motion would be required to comply with the notice and service requirements and the deadlines imposed by the statute, while a party seeking relief by merely requesting it would enjoy greater flexibility (Id.). Nevertheless, courts retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215 (Id.). Factors for the court to consider include the interrelatedness of the relief requested by the nonmoving party and the relief requested in the main motion, the prominence in the opposition papers of the affirmative request for relief, the movant's opportunity to address that request, and the interest of judicial economy (Id.).

John Cline Reservoir, LLC's requests for affirmative relief are clearly articulated in its opposition papers, and the claiming authority addresses them in its reply papers. When, as here, the plaintiff is aware of the nature of the request for affirmative relief and has submitted opposition to it, the plaintiff is not unduly prejudiced by the lack of a formal notice of cross motion (Id. at 64 [and cases cited therein]). Moreover, the relief requested by John Cline Reservoir, LLC, is related to the relief requested by the claiming authority (Id. at 65). Therefore, in the interest of judicial economy, the court will consider John Cline Reservoir, LLC's cross motion for summary judgment and for an order releasing the funds currently being held in TD Bank to it or to its counsel.

In support of summary judgment, John Cline Reservoir, LLC, relies heavily on this court's decision and order dated May 1, 2014, denying the claiming authority's motion to confirm the ex-parte order of attachment. As previously discussed, the determination of a motion for a provisional remedy, such as

attachment, is designed for the narrow purpose of maintaining the status quo and is not an adjudication on the merits (*see*, Marcus v Grunberg, *supra* at *16 [and cases cited therein]). It, therefore, is not given res judicata effect (Id.), nor is it the law of the case (Icy Splash Food & Beverage, Inc. v Henckel, 14 AD3d 595, 596). Accordingly, John Cline Reservoir, LLC's reliance on this court's decision and order dated May 1, 2014, is misplaced.

John Cline Reservoir, LLC, like Paul White, ignores the fact that White's conviction conclusively establishes the facts underlying this action, which is based on the same transactions as White's criminal convictions. John Cline Reservoir, LLC, is wholly owned and controlled by White, who used the $2.975 million taken from his victims to purchase land and open bank accounts in the name of John Cline Reservoir, LLC. The court finds that, under these circumstances, John Cline Reservoir, LLC, knew or should have known *8 that the $2.975 million was obtained through the commission of a crime (*see*, CPLR 311 [3][b][ii-v]). Accordingly, the branch of John Cline Reservoir, LLC's cross motion which is for summary judgment is denied.

In view of the foregoing, the court also finds that summary judgment is warranted against John Cline Reservoir, LLC. A motion for summary judgment, irrespective of by whom it is made, empowers the court to search the record and award judgment where appropriate (*see*, CPLR 3212[b]; Grimaldi v Pagan, 135 AD2d 496). Accordingly, the claiming authority is awarded summary judgment against John Cline Reservoir, LLC, in the amount of $2.4 million.

*Release of the Restrained Funds*

Both Paul White and John Cline Reservoir, LLC, seek release of the restrained funds being held in TD Bank in order to pay their legal fees and certain business expenses, including real-estate taxes on the property in North Carolina.[6] CPLR 1312 (4) permits a party against whom a provisional remedy has been granted to move for relief on the ground that it is necessary to permit the moving party to obtain funds for the payment of reasonable living expenses; other costs or expenses related to the maintenance, operation, or preservation of property that is the subject of the provisional remedy; or reasonable and bona fide attorney's fees. In support thereof, the moving party is required to submit an affidavit establishing the unavailability of other assets that are not the subject of the provisional remedy for the payment of such expenses or fees (CPLR 1312 [4]) . This requirement has been characterized as "complete financial

disclosure" (District Attorney, NY County v Efargan, 12 Misc 3d 1186[A]). Neither White nor John Cline Reservoir, LLC, has submitted such an affidavit (see, Morgenthau v DiNapoli, 84 AD3d 692). The conclusory assertion of counsel for John Cline Reservoir, LLC, that the LLC's only cash assets are the restrained accounts at TD Bank is insufficient. Moreover, the property in North Carolina is not the subject of the ex-parte order of attachment.

John Cline Reservoir, LLC, contends that it cannot be determined on the record presently before the court whether all of the funds in the TD Bank accounts are the proceeds or substituted proceeds of a crime because the claiming authority did not obtain convictions with regard to the funds that White received from Preston Trieber and Patrick Mitchell, two of the investors in the John Cline Reservoir. Preston Trieber did not pursue criminal charges against White. Patrick Mitchell was included in the indictment, but died before the criminal trial commenced and was, therefore, unable to testify against White.

In a post-conviction forfeiture proceeding, the forfeiture property can be considerably broader than the property that was *9 involved in the crime of conviction (see, Girese, supra, CPLR 1310 at 537). A post-conviction forfeiture action can be structured to recover the property that was linked to the crime for which the defendant was convicted, as well as property that was linked to all of the criminal activity arising from a common scheme or plan (Id.). Thus, a defendant who is convicted of theft from one victim may be subject to forfeiture of property that was taken from other victims of the scheme (Id., citing Morgenthau v Khalil, 73 AD3d 509, 511; Dillon v Farrell, 230 AD2d 818, 819; Vergari v Lockhart, 144 Misc 2d at 864-865). The court must make an independent determination as to whether the seized property is subject to forfeiture (Vergari v Lockhart, supra at 864). Resolution of the underlying criminal charge in favor of the defendant is not dispositive. Even a judgment of acquittal or a decision to abandon the criminal charges is not determinative in a forfeiture proceeding (Id.). Money may be forfeited if it is directly related to criminal activity of which the criminal conviction forms a part, i.e., if the money is the fruit of a common scheme or plan of criminal activity and the underlying felony conviction was a component of that common scheme or plan (Id. at 865).

The court finds that the claiming authority has established, by a preponderance of the evidence, that Paul White engaged in a scheme to defraud investors in the John Cline Reservoir for which he was convicted of seven counts of grand larceny

in the second degree and one count of scheme to defraud in the first degree. He deposited the proceeds of his crimes in accounts at TD Bank in the name of John Cline Reservoir, LLC. The money in those accounts is, therefore, directly related to the criminal activity of which his conviction forms a part. Accordingly, the court declines to release the restrained funds to either White or John Cline Reservoir, LLC, and directs that they be released to the claiming authority.

*Leave to Renew*

The claiming authority seeks renewal of its motion to confirm the ex-parte order of attachment, which was denied by this court's decision and order dated May 1, 2014. Attachment is a provisional remedy designed for the narrow purpose of maintaining the status quo during the pendency of an action (see, Marcus v Grunberg, supra at *16 [and cases cited therein]; Siegel, NY Prac § 306 at 510 [5th ed 2011]). The pendency of an action is an indispensable prerequisite to the granting of such relief (see, Tribune Printing Co. v 263 Ninth Ave. Realty, 88 AD2d 877, 879 affd 57 NY2d 1038), which is only available before judgment is entered (Doolim Corp. v R Doll, LLC, US Dist Ct, SDNY, May 29, 2009, Jones, J. [2009 WL 1514913] at *8 [applying New York law]). The claiming authority may not obtain attachment as part of the final judgment (Id.). Accordingly, the branch of the motion which is for leave to renew the claiming authority's motion to confirm the ex-parte order of attachment is denied.

*Conclusion*

In sum, the claiming authority's motion is determined as follows: *10 (1) the branch thereof which is for default judgments against John Cline Reservoir, LLC, and Paul White Inc. is denied, (2) the branch thereof which is for summary judgment against the defendant Paul White in the amount of $2.4 million is granted, and (3) the branch thereof which is for leave to renew its motion to confirm the ex-parte order of attachment is denied. Paul White's cross motion for an order dismissing this action and vacating the orders of restitution in the criminal action against him is denied. John Cline Reservoir, LLC's cross motion for summary judgment and for an order releasing the restrained funds in TD Bank to it or to its counsel is denied. On the court's own motion, the claiming authority is granted summary judgment against John Cline Reservoir, LLC, in the amount of $2.4 million, and the restrained funds in TD Bank are directed to be released to the claiming authority.

DATED:October 28, 2016

**Spota v White, 53 Misc.3d 1210(A) (2016)**

48 N.Y.S.3d 268, 2016 N.Y. Slip Op. 51572(U)

J. S.C.

Copr. (C) 2019, Secretary of State, State of New York

## FOOTNOTES

Footnotes

1    Although White was ordered to pay restitution in the amount of $2.975 million, the claiming authority has taken into account $500,000 that he paid back to his victims and seeks civil forfeiture in the amount of only $2.4 million.

2    This court's decision and order after hearing dated May 1, 2014, which denied the claiming authority's motion to confirm the order of attachment, was automatically stayed pursuant to CPLR 5519 (a) (1) by the claiming authority's appeal therefrom.

3    The claiming authority settled with non-criminal defendant Donna White and discontinued the action against non-criminal defendants Professional Real Estate Advisors and Professional Investment Advisors. It appears to have abandoned the action against non-criminal defendant 1031 Safe Qualified Intermediary Corp., which did not answer the complaint.

4    Nor did the claiming authority acquire concomitant jurisdiction over John Cline Reservoir, LLC. Although John Cline Reservior, LLC, is wholly owned by Paul White, as previously noted, White was served pursuant to CPLR 308 (4) and not by personal delivery.

5    The funds currently on deposit in those accounts, a little less than $200,000, are the subject of the ex-parte order of attachment.

6    Although White's request for release of the restrained funds is not included in his notice of cross motion, the court will consider it in conjunction with John Cline Reservoir's request for the same relief.

End of Document                                      © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Suffolk County Court OF SUFFOLK COUNTY
STATE OF NEW YORK

_____

PEOPLE OF THE STATE OF NEW YORK
VS.

Paul E White
100 Hartman Hill Rd
Huntington, NY 11743

**RESTITUTION
JUDGMENT ORDER
CPL §420.10**

(DOB: 04/05/1958)
PROB. PIN: 2305609
DKT/CC# 02710-2012

The above named defendant having been convicted and sentenced before this Court, and having been directed by the court in accordance with CPL§420.10 to pay to the Suffolk County Probation Department , P.O. BOX 188, Yaphank Avenue, New York 11980 restitution in the sum set forth below and it appearing that the above remains unpaid, it is hereby

ORDERED, that the District Attorney of Suffolk County shall: file a certified copy of this Order in the Suffolk County Clerk's office; serve a copy of this order on the victim/judgment creditor named herein, and it is further

ORDERED, that the County Clerk of Suffolk County, pursuant to CPL §420, shall enter this ORDER in the same manner as a judgment in a civil action in accordance with CPLR §5016(a), and immediately upon entry thereof the Suffolk County Clerk shall docket the entered ORDER as a money judgment, pursuant to CPLR §5018, against the defendant.

*AMOUNT OF RESTITUTION*: $ 500,000.00

_____
1/29/15
Date

_____
James Hudson

**VICTIM/JUDGMENT CREDITOR INFORMATION:**
Name: Ella and Albert Abney
Case#: CCF-02710-2012
Address: Suffolk County Probation
    Att. Restitution
    P.O. Box 188
    Yaphank,, NY 11980

I hereby certify that this is a true copy of the record on file in this Court.

_____          _____
Date                                    Court Clerk

Copies:

☐ **Court**      ☐ **Probation**      ☐ **D.A**      ☐ **County Clerk**      ☐ **Defendant**

PEOPLE OF THE STATE OF NEW YORK
VS.

RESTITUTION
JUDGMENT ORDER
CPL §420.10

Paul E White
100 Hartman Hill Rd
Huntington, NY 11743

(DOB: 04/05/1958)
PROB. PIN: 2305609
DKT/CC# 02710-2012

The above named defendant having been convicted and sentenced before this Court, and having been directed by the court in accordance with CPL§420.10 to pay to the Suffolk County Probation Department , P.O. BOX 188, Yaphank Avenue, New York 11980 restitution in the sum set forth below and it appearing that the above remains unpaid, it is hereby

ORDERED, that the District Attorney of Suffolk County shall: file a certified copy of this Order in the Suffolk County Clerk's office; serve a copy of this order on the victim/judgment creditor named herein, and it is further

ORDERED, that the County Clerk of Suffolk County, pursuant to CPL §420, shall enter this ORDER in the same manner as a judgment in a civil action in accordance with CPLR §5016(a), and immediately upon entry thereof the Suffolk County Clerk shall docket the entered ORDER as a money judgment, pursuant to CPLR §5018, against the defendant.

AMOUNT OF RESTITUTION: $ 500,000.00

_____1/24/15_____
Date

_____James Hudson_____

VICTIM/JUDGMENT CREDITOR INFORMATION:
Name: Teodocia Santos
Case#: CCF-02710-2012
Address: Suffolk County Probation
         Att. Restitution
         P.O. Box 188
         Yaphank,, NY 11980

I hereby certify that this is a true copy of the record on file in this Court.

_____                    _____
      Date                                Court Clerk
Copies:

☐ Court     ☐ Probation     ☐ D.A.     ☐ County Clerk     ☐ Defendant

*Suffolk Restitution Judgment Order*                                    *Page 1 of 1*

Suffolk County Court OF SUFFOLK COUNTY
STATE OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK
VS.

Paul E White
100 Hartman Hill Rd
Huntington, NY 11743

**RESTITUTION
JUDGMENT ORDER
CPL §420.10**

(DOB: 04/05/1958)
PROB. PIN: 2305609
DKT/CC# 02710-2012

The above named defendant having been convicted and sentenced before this Court, and having been directed by the court in accordance with CPL§420.10 to pay to the Suffolk County Probation Department , P.O. BOX 188, Yaphank Avenue, New York 11980 restitution in the sum set forth below and it appearing that the above remains unpaid, it is hereby

ORDERED, that the District Attorney of Suffolk County shall: file a certified copy of this Order in the Suffolk County Clerk's office; serve a copy of this order on the victim/judgment creditor named herein, and it is further

ORDERED, that the County Clerk of Suffolk County, pursuant to CPL §420, shall enter this ORDER in the same manner as a judgment in a civil action in accordance with CPLR §5016(a), and immediately upon entry thereof the Suffolk County Clerk shall docket the entered ORDER as a money judgment, pursuant to CPLR §5018, against the defendant.

*AMOUNT OF RESTITUTION:* $ 297,000.00

_____
1/29/15
Date

_____
James Hudson

**VICTIM/JUDGMENT CREDITOR INFORMATION:**
Name: Sandra K. Schmidt
Case#: CCF-02710-2012
Address: Suffolk County Probation
    Att. Restitution
    P.O. Box 188
    Yaphank,, NY 11980

I hereby certify that this is a true copy of the record on file in this Court.

_____
Date
Copies:

_____
Court Clerk

☐ **Court**    ☐ **Probation**    ☐ **D.A**    ☐ **County Clerk**    ☐ **Defendant**

Suffolk County County Court of SUFFOLK COUNTY
STATE OF NEW YORK

---

PEOPLE OF THE STATE OF NEW YORK
VS.

Paul E White
100 Hartman Hill Rd
Huntington, NY 11743

RESTITUTION
JUDGMENT ORDER
CPL §420.10

(DOB: 04/05/1958)
PROB. PIN: 2305609
DKT/CC# 02710-2012

The above named defendant having been convicted and sentenced before this Court, and having been directed by the court in accordance with CPL§420.10 to pay to the Suffolk County Probation Department , P.O. BOX 188, Yaphank Avenue, New York 11980 restitution in the sum set forth below and it appearing that the above remains unpaid, it is hereby

ORDERED, that the District Attorney of Suffolk County shall: file a certified copy of this Order in the Suffolk County Clerk's office; serve a copy of this order on the victim/judgment creditor named herein, and it is further

ORDERED, that the County Clerk of Suffolk County, pursuant to CPL §420, shall enter this ORDER in the same manner as a judgment in a civil action in accordance with CPLR §5016(a), and immediately upon entry thereof the Suffolk County Clerk shall docket the entered ORDER as a money judgment, pursuant to CPLR §5018, against the defendant.

*AMOUNT OF RESTITUTION*: $ 820,000.00

---
1/24/15
Date

---
James Hudson

VICTIM/JUDGMENT CREDITOR INFORMATION:
Name: Dean Del Prete and Paul Sattler
Case#: CCF-02710-2012
Address: Suffolk County Probation
Att. Restitution
P.O. Box 188
Yaphank,, NY 11980

I hereby certify that this is a true copy of the record on file in this Court.

---
Date

---
Court Clerk

Copies:

☐ Court    ☐ Probation    ☐ D.A.    ☐ County Clerk    ☐ Defendant

*Suffolk Restitution Judgment Order*

*Page 1 of 1*

**PEOPLE OF THE STATE OF NEW YORK**
VS.

**RESTITUTION
JUDGMENT ORDER
CPL §420.10**

Paul E White
100 Hartman Hill Rd
Huntington, NY 11743

(DOB: 04/05/1958)
PROB. PIN: 2305609
DKT/CC# 02710-2012

The above named defendant having been convicted and sentenced before this Court, and having been directed by the court in accordance with CPL§420.10 to pay to the Suffolk County Probation Department , P.O. BOX 188, Yaphank Avenue, New York 11980 restitution in the sum set forth below and it appearing that the above remains unpaid, it is hereby

ORDERED, that the District Attorney of Suffolk County shall: file a certified copy of this Order in the Suffolk County Clerk's office; serve a copy of this order on the victim/judgment creditor named herein, and it is further

ORDERED, that the County Clerk of Suffolk County, pursuant to CPL §420, shall enter this ORDER in the same manner as a judgment in a civil action in accordance with CPLR §5016(a), and immediately upon entry thereof the Suffolk County Clerk shall docket the entered ORDER as a money judgment, pursuant to CPLR §5018, against the defendant.

1/29/15
Date

*AMOUNT OF RESTITUTION*: $ 350,000.00

James Hudson

**VICTIM/JUDGMENT CREDITOR INFORMATION:**
Name: Little Shelter Animal Adoption Center, Inc
Case#: CCF-02710-2012
Address: Suffolk County Probation
    Att. Restitution
    P.O. Box 188
    Yaphank,, NY 11980

I hereby certify that this is a true copy of the record on file in this Court.

_____                    _____
Date                                        Court Clerk
Copies:

☐ Court          ☐ Probation          ☐ D.A          ☐ County Clerk          ☐ Defendant

*Suffolk Restitution Judgment Order*

*Page 1 of 1*

PEOPLE OF THE STATE OF NEW YORK
VS.

Paul E White
100 Hartman Hill Rd
Huntington, NY 11743

RESTITUTION
JUDGMENT ORDER
CPL §420.10

(DOB: 04/05/1958)
PROB. PIN: 2305609
DKT/CC# 02710-2012

The above named defendant having been convicted and sentenced before this Court, and having been directed by the court in accordance with CPL§420.10 to pay to the Suffolk County Probation Department , P.O. BOX 188, Yaphank Avenue, New York 11980 restitution in the sum set forth below and it appearing that the above remains unpaid, it is hereby

ORDERED, that the District Attorney of Suffolk County shall: file a certified copy of this Order in the Suffolk County Clerk's office; serve a copy of this order on the victim/judgment creditor named herein, and it is further

ORDERED, that the County Clerk of Suffolk County, pursuant to CPL §420, shall enter this ORDER in the same manner as a judgment in a civil action in accordance with CPLR §5016(a), and immediately upon entry thereof the Suffolk County Clerk shall docket the entered ORDER as a money judgment, pursuant to CPLR §5018, against the defendant.

AMOUNT OF RESTITUTION: $ 358,000.00

1/29/15
Date

James Hudson

VICTIM/JUDGMENT CREDITOR INFORMATION:
Name: Afzal Sheikh
Case#: CCF-02710-2012
Address: Suffolk County Probation
   Att. Restitution
   P.O. Box 188
   Yaphank,, NY 11980

I hereby certify that this is a true copy of the record on file in this Court.

Date

Court Clerk

Copies:

☐ Court   ☐ Probation   ☐ D.A.   ☐ County Clerk   ☐ Defendant

*Suffolk Restitution Judgment Order*

*Page 1 of 1*

Suffolk County Court OF SUFFOLK COUNTY
STATE OF NEW YORK

_____

PEOPLE OF THE STATE OF NEW YORK
VS.

Paul E White
100 Hartman Hill Rd
Huntington, NY 11743

RESTITUTION
JUDGMENT ORDER
CPL §420.10

(DOB: 04/05/1958)
PROB. PIN: 2305609
DKT/CC# 02710-2012

    The above named defendant having been convicted and sentenced before this Court, and having been directed by the court in accordance with CPL§420.10 to pay to the Suffolk County Probation Department , P.O. BOX 188, Yaphank Avenue, New York 11980 restitution in the sum set forth below and it appearing that the above remains unpaid, it is hereby

    ORDERED, that the District Attorney of Suffolk County shall: file a certified copy of this Order in the Suffolk County Clerk's office; serve a copy of this order on the victim/judgment creditor named herein, and it is further

    ORDERED, that the County Clerk of Suffolk County, pursuant to CPL §420, shall enter this ORDER in the same manner as a judgment in a civil action in accordance with CPLR §5016(a), and immediately upon entry thereof the Suffolk County Clerk shall docket the entered ORDER as a money judgment, pursuant to CPLR §5018, against the defendant.

AMOUNT OF RESTITUTION: $ 150,000.00

_____
Date 1/29/15

_____
James Hudson

VICTIM/JUDGMENT CREDITOR INFORMATION:
Name: Saverio Saverino
Case#: CCF-02710-2012
Address: Suffolk County Probation
    Att. Restitution
    P.O. Box 188
    Yaphank,, NY 11980

I hereby certify that this is a true copy of the record on file in this Court.

_____
Date

_____
Court Clerk

Copies:

☐ Court    ☐ Probation    ☐ D.A    ☐ County Clerk    ☐ Defendant

*Suffolk Restitution Judgment Order*

*Page 1 of 1*

Paul White, 15R0335
Greene CF
P.O. Box 975
Coxsackie, NY 12051

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 2 5 2019 ★

BROOKLYN OFFICE

Clerk
U.S. District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re: WHITE v. SPOTA
     Submitting Summons & Complaint and Various Other Documents

October 16, 2019

Dear Clerk,

   Enclosed please find originals of the following documents
("DOCUMENTS"):

1. CIVIL COVER SHEET

2. APPLICATION TO PROCEED WITHOUT FULL PREPAYMENT OF FEES:
   AFFIDAVIT AND PRISONER AUTHORIZATION

3. REQUEST TO PROCEED IN FORMA PAUPERIS WITH INMATE AUTHORIZATION

4. SUMMONS IN A PRO SE CIVIL ACTION

5. COMPLAINT WITH EXHIBITS

6. PROOF OF SERVICE

7. Copy of first page of SUMMONS and COMPLAINT with stamped return
addressed envelope

   I included two(2) separate requests (see #2 and #3 above) to
proceed In Foram Pauperis because I did not know which one the
Honorable Court accepts. I have also enclosed a copy of the first
page of SUMMONS and COMPLAINT for you to date and time stamp and
mail back to me in the postage pre-paid stamped return addressed
envelope. Since time is of the essence to preserve a Statutory Time
Limitation, your prompt attention would be greatly appreciated. If
there is any other information or documents required, please inform
me and I will promptly remit same. Thank you.

Respectfully submitted,